# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:06CV522-W

| | |
|---|---|
| **METROPOLITAN PARTNERSHIP, LTD.,** | )<br>)<br>) |
| Plaintiff, | )   **MEMORANDUM AND ORDER** |
| v. | )<br>) |
| **DOROTHY W. HARRIS,** | )<br>) |
| Defendant. | )<br>) |

**THIS MATTER** is before the Court on the Plaintiff's "Motion to Disqualify Counsel" (document #25), filed on June 27, 2007, and Defendant's "Response to Motion to Disqualify Counsel . . ." (document #29), filed on August 9, 2007. On August 29, 2007, the Plaintiff filed its "Reply  . . ." (document #35).

This matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and the Plaintiff's Motion is now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned will <u>deny</u> the Plaintiff's Motion to Disqualify Counsel, as discussed below.

## I. PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff's Motion arises in an action seeking a declaratory judgment regarding the parties' rights and obligations pursuant to a Preliminary Operating Agreement of Proposed Harris Metropolitan, LLC ("Agreement") dated August 5, 2005, and monetary damages as a result of an alleged breach of the Agreement, or in the alternative, recovery in quantum meruit. The parties entered into the Agreement with the understanding that they would negotiate a more definitive contract, in good faith, after Harris Metropolitan completed negotiations with The Ritz-Carlton

Hotel Company ("Ritz-Carlton"). The definitive contract, as described in the Agreement, was to include terms from contracts entitled the "Condominium License and Development Agreement" ("License and Development Agreement") and the "Construction Management Agreement" ("Construction Agreement") both executed on May 3, 2006 by representatives of the Ritz-Carlton and by the Defendant. However, subsequent to the successful Ritz-Carlton negotiations, the parties attempted, but were unable, to agree on the terms of the final Operating Agreement.

Prior to execution of the May 3, 2006 License and Development and Construction Agreements, Plaintiff alleges that Cary M. Euwer, Jr., President of Metropolitan Partnership, communicated with the Defendant's attorneys at Moore & Van Allen PLLC, specifically, with Daniel G. Clodfelter and J. Christopher Oates, through both email exchanges and telephone conversations. The Plaintiff represents that Mr. Euwer received emails from Mr. Clodfelter and Mr. Oates while working on the drafting of the License and Development Agreement, and that the attorneys forwarded the Defendant's guaranty for Mr. Euwer's review. Additionally, Mr. Euwer allegedly prepared and finalized a time line sent to Mr. Clodfelter and the Defendant on May 3, 2006, which was thereafter used by the Defendant to secure developers.

The Plaintiff further alleges that Mr. Euwer relied upon Mr. Clodfelter's advice and proceeded on the basis of this strategy; that Mr. Clodfelter encouraged Mr. Euwer to complete the negotiations based upon the agreed upon structure; and that it generally relied upon these statements. Thus, the Plaintiff argues, it <u>may</u> call Defendant's counsel, Mr. Clodfelter, for testimony relating to the Plaintiff's alternative quantum meruit claim, which would put defense counsel in the impermissible dual role of both advocate and witness.

The subject Motion has been fully briefed and, therefore, is ripe for determination.

## II. DISCUSSION

Pursuant to Rule 3.7 of the North Carolina Revised Rules of Professional Conduct, a lawyer may not be an advocate at trial if he is a necessary witness. Rule 3.7 provides:

(a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:

    (1) the testimony relates to an uncontested issue;

    (2) the testimony relates to the nature and value of legal services rendered in the case; or

    (3) disqualification of the lawyer would work substantial hardship on the client.

(b) A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9.

In determining whether to disqualify an attorney under Rule 3.7, a court must first determine whether the attorney is a "necessary" witness. A necessary witness is one whose evidence is material to issues in litigation, and which cannot be obtained elsewhere. See Cunningham v. Sams, 161 N.C. App. 295, 298, 588 S.E.2d 484, 487 (2003). A District Court in the Fourth Circuit has suggested a three step analysis as a "thoughtful and reasonable framework in which to consider [this] issue." United States v. Dyess, 231 F. Supp. 2d 493, 496 (S.D. W.Va. 2002).[1] According to Dyess, which this Court adopts, an attorney should only be disqualified as a "necessary witness" if (1) the attorney will give evidence material to the issues to be determined, (2) the evidence cannot be obtained elsewhere, and (3) the testimony is prejudicial or may be prejudicial to the testifying attorney's client. Id.

---

[1] Although the opinion did not address the merits of the District Court's decision to disqualify the lead prosecutor, the Fourth Circuit has noted the application of the Dyess reasoning with implied approval. See United States v. Bartram, 407 F.3d 307, 309-10 (4th Cir. 2005).

3

If the challenged attorney is deemed a necessary witness, the court then must examine whether any of the exceptions apply. Furthermore, motions to disqualify a lawyer as a witness are generally viewed with disfavor in deference to a party's right to choose her own counsel. See, e.g., Freeman v. Chicago Musical Instrument Co., 689 F.2d 715, 722 (7th Cir. 1982) ("motions for attorney disqualification should be viewed with extreme caution for they can be used as techniques of harassment"); and University of W. Va. Bd. of Trustees v. Vanvoorhies, 33 F. Supp. 2d 519, 520-21 (N.D. W. Va. 1998) (same).

Although it may be the better part of wisdom for Mr. Clodfelter not to take an active role in the trial of this matter, the Plaintiff has not convinced the Court that he is a "necessary witness," and therefore, that disqualification is an appropriate remedy. The Plaintiff concedes that the purported testimony pertains only to its alternative quantum meruit theory of recovery, and that Mr. Clodfelter may or may not be called as a witness should it actively pursue that theory at trial. Second, any evidence to be gleaned from Mr. Clodfelter's testimony is available from at least three other sources, specifically, from Mr. Euwer, from various documents, and from real estate attorney J. Christopher Oates (an attorney at Moore & Van Allen, PLLC, who is named in the motion to disqualify, but without a request to disqualify him). And, finally, it is not at all clear that Mr. Clodfelter's testimony would be prejudicial to the Defendant, the third element which must be established to require disqualification.

Plaintiff also moves the Court to disqualify Mr. Clodfelter's law firm, Moore & Van Allen PLLC, from representing the Defendant at trial. However, inasmuch as Mr. Clodfelter has not been disqualified, and Rule 3.7(b) provides that even if an attorney is disqualified because he is a necessary witness, other attorneys in the same firm may continue to serve as advocates unless

4

prohibited by North Carolina Revised Rule of Professional Conduct 1. 7 or 1.9, neither is there any basis for disqualifying Mr. Clodfelter's firm.

## III. ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. The Plaintiff's "Motion to Disqualify Counsel" (document #25) is **DENIED**. Provided, however, should further discovery yield more persuasive evidence that Mr. Clodfelter is a necessary witness, the Plaintiff is free to renew its motion at that time.

2. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties; and to the Honorable Frank D. Whitney.

**SO ORDERED.**

Signed: September 17, 2007

*Carl Horn, III*

Carl Horn, III
United States Magistrate Judge